UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00413-DOC-ADS                                    Date: March 26, 2025

Title: Amy Arvizu v. Fertility Centers of Orange County Reproductive Partners Medical Group et al.

PRESENT: THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

### I.      Background

This is an employment action brought under California state law. Plaintiff Amy Arvizu alleges that she was a dual employee of Defendant Fertility Centers of Orange County, A Medical Group, Inc. and Reproductive Partners Medical Group, Inc. from approximately May 2019 until April 1, 2024 when she was terminated for and retaliated against for requesting and taking medical leave related to her pregnancy. *See generally* Complaint (Dkt. 1-2). Plaintiff alleges that Defendant violated Government Code § 12940, §§ 12920 and 12926 (employment discrimination and retaliation); Cal. Const. Art. I, § 8 (employment discrimination); Govt. Code §§ 12945.2 (medical leave discrimination and retaliation); Labor Code §§ 1102.5 & 1102.6 (Whistleblower retaliation); and Labor Code § 245 et seq. including 246.5 (paid sick leave retaliation). Notice of Removal ("Not.") (Dkt. 1), at ¶ 2.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on May 7, 2024. *Id*. Defendants then removed the case to this Court on September 23, 2024. *Id*. ¶ 8. The Court remanded the case to state court sua sponte for lack of subject matter jurisdiction. *See* Order Sua Sponte Remanding Case to State Court, Case No. 8:24-cv-02053-DOC-KES (Dkt.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00413-DOC-ADS                                                Date: March 26, 2025
                                                                               Page 2

11). The Court specifically found that Defendants had failed to meet their burden to show the amount in controversy was met and, thus, the Court lacked diversity jurisdiction. *Id*.

Defendants on March 4, 2025 filed the present Notice of Removal (Dkt. 1) again asserting diversity jurisdiction in the same state court action.

**II.     Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00413-DOC-ADS                                      Date: March 26, 2025
                                                                                              Page 3

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III.    Discussion**

Defendants assert that Plaintiff's claimed damages exceed the amount in controversy. While the Court finds removal would be timely here, there is a separate doctrine on successive removals which controls. "A successive removal petition is permitted only upon a 'relevant

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00413-DOC-ADS                                                                 Date: March 26, 2025
                                                                                                              Page 4

change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). An intervening change in law creating a new basis for subject matter jurisdiction or an amended pleading creating federal subject matter jurisdiction for the first time have been recognized as valid changes in circumstances. *Id*. In *Reyes*, the Ninth Circuit found that the state court's class certification order expanding the class to create CAFA jurisdiction for the first time was equivalent to amending the complaint to newly create federal jurisdiction and, thus, the successive removal was proper and timely. *Id*. at 1189.

Here, Defendants fail to assert a new and different ground for removal. Defendants assert diversity jurisdiction again. Thus, Defendants' second removal is denied as improperly successive.

The limitation on successive removals without a change in circumstances accords with the bar on appellate review and district court reconsideration of most remands based on lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(d); *see also Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("This language [in 28 U.S.C. § 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court."). The Court's first remand of the same state court case was based on lack of diversity jurisdiction. The principles of federalism and judicial economy also support not interfering with state court proceedings more than once. *See Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014).

**IV.     Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County. The scheduling conference set for April 28, 2025 is **VACATED**.

The Clerk shall serve this minute order on the parties.

                                                                                                Initials of Deputy Clerk: kdu